UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CODY D. STEWART,

Petitioner,

v.

THE FEDERAL COURT, et al.,

Respondents.

Case No. 25-cv-09296-NW

**ORDER SCREENING PETITION, DISMISSING WITH LEAVE TO AMEND**

Petitioner Cody D. Stewart, a state prisoner, filed the instant pro se petition for writ of habeas corpus.  The petition is now before the Court for review pursuant to Rule 4 of the Rules Governing § 2254 Cases.  For the reasons set forth below, the petition is **DISMISSED WITH LEAVE TO AMEND**.

## I.    BACKGROUND

Stewart alleges in his petition (ECF No. 1) that he entered a no contest plea on October 26, 2022 in Alameda County Superior Court.  The petition does not provide information about the underlying offense(s).  Stewart alleges that he filed habeas petitions in state court and the California Court of Appeal and California Supreme Court erred when they denied the petitions based on his failure to file a motion to withdraw his plea and his failure to attach the transcripts of his no contest plea as an exhibit.

Stewart also contends that his trial judge did not find a factual basis during Stewart's no contest plea, and that Stewart was not notified of his *Boykin*/*Tahl*[1] rights.  The petition does not provide any additional details about his underlying claim, but the attached exhibits contain copies

---

[1] Stewart references *Boykin v. Alabama*, 395 U.S. 238 (1969) and *In re Tahl*, 1 Cal.3d 122 (1969), respectively.

of his state habeas petitions, each raising varying claims.  *See generally* ECF No. 2.

## II.     LEGAL STANDARD

District courts may entertain a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that [the person] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254.  The court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  *Id.* § 2243.

## III.    DISCUSSION

At the outset, Stewart does not name an appropriate respondent for this action.  *See Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994) (rules governing relief under 28 U.S.C. § 2254 require a person in custody pursuant to the judgment of a state court to name the "'state officer having custody'" of him as the respondent to ensure district court has personal jurisdiction in habeas matter).  The proper respondent is typically the warden of the facility in which the petitioner is incarcerated.  *Id.*

Moreover, to the extent that Stewart asks this Court to direct any state court to reverse its denial of his state habeas petition, he is essentially seeking mandamus relief.  Federal district courts, however, do not have the power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties.  A petition for a writ of mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law.  *See Demos v. U.S. Dist. Court,* 925 F.2d 1160, 1161–62 (9th Cir. 1991) (seeking order compelling state courts to accept legal filings without payment of court fees); *Clark v. Washington,* 366 F.2d 678, 681 (9th Cir. 1966) (seeking order compelling state bar's reinstatement of attorney); *Dunlap v. Corbin,* 532 F. Supp. 183, 187 (D. Ariz. 1981) (seeking order compelling state court to provide speedy trial), *aff'd without opinion,* 673 F.2d 1337 (9th Cir. 1982). Stewart's claims seeking mandamus relief are therefore **DISMISSED**.  *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.").

United States District Court
Northern District of California

Stewart also alleges that his trial counsel was ineffective and that he was not notified of his rights under *Boykin*/*Tahl* prior to his no contest plea.  The claims in the petition, however, are vague and do not provide any additional context as to Stewart's precise claim on federal habeas. *See* ECF No. 1 at 7.  Because Stewart's petition is vague, and the copies of the petitions filed in state court show that he raised a variety of arguments in each state petition, the Court **DISMISSES** the petition with **LEAVE TO AMEND** so Stewart may clarify the factual basis for these claims on federal habeas.

Stewart is cautioned that petitioners challenging the validity of a guilty plea on federal habeas may do so only by challenging whether a plea was voluntary and intelligent. *Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  A defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. *Tollet*, 411 U.S. at 267; *Lambert v. Blodgett*, 393 F.3d 943, 979 (9th Cir. 2004).  This is not limited to incompetent advice concerning the guilty plea itself but rather extends to ineffective assistance rendered in other pre-plea contexts. *Mahrt v. Beard*, 849 F.3d 1164, 1171 (9th Cir. 2017) (allegation that counsel rendered ineffective pre-plea assistance by failing to file motion to suppress falls within *Tollett* exception).

## IV.   CONCLUSION

The Court orders as follows:

1. The claims seeking mandamus relief are **DISMISSED**.

2. The petition is **DISMISSED WITH LEAVE TO AMEND** to include additional information and address the deficiencies identified above.

3. The amended petition must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words "Amended Petition" on the first page.  Because an amended petition completely replaces the original, Stewart must include all claims and allegations of fact to support his claims. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.

United States District Court
Northern District of California

3

1992).  Stewart is cautioned that he may not incorporate material from the prior petition by reference.  He must reallege all claims he wants to pursue within the body of his petition.  Failure to amend within the designated time will result in this action's dismissal without prejudice.

4. It is Stewart's responsibility to prosecute this case.  He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk is requested to send a blank prisoner habeas form to Stewart with his copy of this order.

**IT IS SO ORDERED.**

Dated: February 17, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

4